IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Henry Shellman, Jr., <br><br> Petitioner, <br><br> v. <br><br> Active Warden W. Vereen, <br><br> Respondent. | C/A No. 4:19-cv-01360-JFA-TER <br><br> **ORDER** |

Petitioner Joseph Henry Shellman, Jr. ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent then filed a motion to dismiss (ECF No. 15) and Petitioner was advised of the motion, along with the consequences if he failed to respond, via a *Roseboro* order. (ECF No. 16). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action because Petitioner has failed to respond to the dispositive motion or otherwise prosecute his claims.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

(ECF No. 19). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on September 11, 2019. (ECF No. 19). The Magistrate Judge required Petitioner to file objections by September 25, 2019. *Id.* However, Petitioner did not file any objections or otherwise respond. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 19). Thus, Petitioner's Petition is dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report also recommended, in the alternative, to grant Respondent's motion to dismiss. (ECF No. 15). Because the Undersigned adopts the recommendation to dismiss for failure to prosecute, Respondent's motion to dismiss need not be addressed and is dismissed as moot.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that

IT IS SO ORDERED.

October 15, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).